UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY M. CUNNINGHAM,<br><br>                Plaintiff,<br><br>   v.<br><br>ADAM FORTNEY, et al.,<br><br>                Defendant. | CASE NO. 2:23-cv-01949-BHS-BAT<br><br>**REPORT AND RECOMMENDATION DENYING IFP STATUS** |

       Plaintiff is a prisoner serving an Oregon sentence in a State of Oregon prison. On December 15, 2024, Plaintiff filed a *pro se* complaint without applying to proceed *in forma pauperis* (IFP) or paying the filing fee. Dkt. 1. On January 18, 2024, Plaintiff filed an application to proceed IFP. Dkt. 10. Under 28 U.S.C. § 1914(a) a plaintiff must pay the filing fee to commence a civil action in a federal district court. The court may permit a prisoner to commence a civil action without prepaying the filing fee if the prisoner submits an IFP application on the court's form along with the required supporting documentation, and the court grants permission to proceed IFP. *See* 28 U.S.C. § 1915(a).

       In 2001, the District of Oregon in *Cunningham v. Witt,* 3:01-cv-00565-KI found Plaintiff is subject to the three-strikes rule, 28 U.S.C. § 1915(g). The three-strikes rule provides that a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for

REPORT AND RECOMMENDATION
DENYING IFP STATUS - 1

failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here Plaintiff has filed a civil rights complaint alleging between 1992 and 1995 numerous individuals in the State of Oregon violated his rights in connection with his arrest, prosecution, detention and conviction for murder. Plaintiff further complains Defendants in Oregon have more recently violated his rights by interfering with Plaintiff's civil litigation among other things. Plaintiff also alleges two law enforcement officials in Washington violated his rights. He alleges one such official violated his rights by allowing theft from a storage locker in 1994, and the other harassed him by pulling him over numerous times as he drove his vehicle and searched his home without a warrant. These incidents also appear to have occurred in the early 1990's. The allegations contained in the complaint plainly fail to show Plaintiff is under imminent danger of serious physical injury.

Accordingly, because Plaintiff is subject to the three-strikes rule and does not face imminent danger of physical injury, the Court recommends Plaintiff's application to proceed IFP, (Dkt. 10) be DENIED, and Plaintiff be directed to pay the filing fee within 21 days or face dismissal of this action.

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **February 1, 2024.** The Clerk shall note the matter for **February 2, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

REPORT AND RECOMMENDATION
DENYING IFP STATUS - 2

The clerk shall provide a copy of this order to Plaintiff.

DATED this 18th day of January, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
DENYING IFP STATUS - 3