UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRADLEY M. CUNNINGHAM,

          Plaintiff,

   v.

ADAM FORTNEY, et al.,

          Defendant.

CASE NO. 2:23-cv-01949-BHS-BAT

**ORDER OF DISMISSAL**

THIS MATTER is before the Court on its own motion. Pro se plaintiff Bradley M. Cunningham filed this 42 U.S.C. § 1983 action on December 15, 2023. He did not pay the required filing fee and he did not apply to proceed *in forma pauperis*. He has since conceded he is not indigent, Dkt. 10, and has failed to pay the filing fee despite being ordered to do so. Dkts. 22, 23, 36.

The final deadline for paying was February 26, 2023. Because he has not paid, the case is dismissed. Because Cunningham's proposed action is frivolous[1] on its face, as described below, the dismissal is with prejudice and without leave to amend.

---

[1] The term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation. *Neitzke v. Williams*, 490 U.S. 319, 425 (1989); *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (frivolous means "having no arguable basis in fact or law"); *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th

ORDER OF DISMISSAL - 1

1  Cunningham is serving an Oregon State criminal sentence at the Oregon State
2  Penitentiary for his murder conviction. He alleges Defendants Adam Fortney the Snohomish
3  County Washington Sheriff, Stan White, the Chief of Police for Mill Creek, Washington, and
4  Mike Reese the Director of the Oregon Department of Corrections violated his civil rights.
5  Cunningham's allegations flow from the investigation of his wife's murder, and his arrest,
6  detention, prosecution, and conviction for her murder in an Oregon State Court.

7  In 2001, the District of Oregon in *Cunningham v. Witt*, 3:01-cv-00565-KI found
8  Cunningham is subject to the three-strikes rule, 28 U.S.C. § 1915(g). Under the three-strikes rule,
9  a prisoner who brings three or more civil actions or appeals which are dismissed with prejudice
10 as frivolous nor for failure to state a claim, is barred from bringing any other civil action or
11 appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical
12 injury." 28 U.S.C. § 1915(g). The Court advised Cunningham he must pay the filing fee by
13 February 26, 2024, or the case will be dismissed. Dkt. 36. The clerk's office notes that on
14 February 20, 2024, it received a copy of a check for the filing fee, but not the check. Because a
15 check for the filing fee has not been received, the complaint is subject to dismissal.

16 Even if Cunningham had timely paid the filing fee, the complaint is subject to dismissal.
17 Cunningham alleges Defendants engaged in conduct leading to his conviction for murder. These
18 allegations are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See State v. Cunningham*,
19 197 Or. App 264 (2005) (affirming conviction), *review denied State v. Cunningham*, 339 Or. 406
20 (2005). His request for immediate release from prison is not cognizable in a § 1983 action. It is a
21 remedy that must be sought through a 28 U.S.C. § 2254 writ of habeas corpus. A § 1983

---

Cir. 1987) ("A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

ORDER OF DISMISSAL - 2

complaint is not a substitute for Cunningham's prior failed attempts to obtain federal habeas relief. The present complaint is also duplicative of other actions Cunningham has filed and his claim that one defendant caused the loss of personal property decades ago is not cognizable in a § 1983 action. Finally, Cunningham's claims are barred by the Washington three-year statute of limitations and the Oregon two-year statute of limitations applicable to § 1983 claims.

Because no amendment would remedy these deficiencies, leave to amend the complaint is futile and is denied. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal).

## THE COMPLAINT'S ALLEGATIONS

Cunningham seeks money damages against each Defendant and immediate release from the prison sentence he is serving in Oregon for his murder conviction in Oregon State. Dkt. 1. He alleges Defendant Fortney conspired to defraud Cunningham, concealed evidence and engaged in actions that resulted in theft of Cunningham's property. *Id.* Specifically, Cunningham alleges Defendant Fortney in 1994 had a duty to investigate theft from Cunningham's storage locker located in Snohomish County. *Id*. at 16. Cunningham alleges at the time of the theft, he was detained at the Washington County Jail in Hillsboro, Oregon. He claims Defendant Reese admits Cunningham's conditions of confinement were unconstitutional and this renders his Oregon murder conviction null and void and tolls any statute of limitations. *Id.*

Cunningham contends Defendant Fortney's failure to protect Cunningham's storage locker property allowed Cunningham's former wife and his children to improperly obtain Cunningham's property. *Id*. at 17. Cunningham further claims Defendant Fortney failed to conduct a "legitimate police investigation into the "theft" of his property and there is "no statute of limitations due to my continuous incarceration and exceptional circumstances" since 1993 and

"the facts comprising my void judgment of conviction (significant violation of protected civil rights without due process) also equitably tolls all related and incidental claims." *Id*. at 20.

As to Defendant White, Cunningham alleges Defendant White "played a significant role in violating my civil rights at the direction of and in conspiracy with the State of Oregon." *Id*. Cunningham alleges that prior to his arrest in 1993, Mill Creek police harassed him by parking outside his residence and pulling him over whenever he drove his automobile. Cunningham also alleges Mill Creek Police broke into his residence without legal cause or a warrant and took his personal property.

And lastly, Cunningham alleges that since 1993 when he was a pretrial detainee in the State of Oregon, Defendant Reese who resides in Oregon has violated Cunningham's rights. Cunningham claims Defendant Reese admits violating Cunningham's rights and this admission stripped the Oregon State trial court of jurisdiction over Cunningham's criminal case and nullifies Cunningham's criminal judgment and conviction for murder. Cunningham contends Oregon State, and its agents are corrupt because they refuse to acknowledge the invalidity of Cunningham's murder conviction and sentence. Cunningham also alleges Defendant Reese declines to allow Cunningham to collect a $750,000,000 judgment that Cunningham obtained against Columbia Tristar Pictures. *Id.* at 25. Cunningham further alleges prison staff are presently violating his rights by banging his metal bed while he is sleeping. *Id*. at 26.

Because all but the last of Cunningham's claims are based upon events that happened decades ago, and which thus fall far outside the limitations period, Cunningham contends "there is no statute of limitations for a void judgment" and that each of his claims are "preserved and subject to equitable tolling." *Id.* He also claims his incarceration made it impossible to function or bring claims for 30 years, and that this extraordinary circumstance stood in the way and

prevented him from timely bringing the present suit which was filed on December 15, 2023. *Id.* at 28.

Cunningham has also filed various motions including a motion to show cause directed to Defendant Reese, Dkts. 13 and 35; an emergency motion for immediate release "from custody under judgment of conviction in *State v. Cunningham*, Washington County Circuit Court, Case No. C930434CR." Dkt. 15; a motion for a hearing, Dkt. 31; motions to be transported, to mitigate damages and for imposition of day penalties, Dkts. 28, 30, 31; and various letters to officials in Oregon State. Dkts 18, 19, 32.

## DISCUSSION

Cunningham's various and wide-ranging § 1983 claims, except his allegations against Oregon prison staff for currently making noise that wakes him up, are time-barred. Cunningham acknowledges this by arguing he is entitled to equitable tolling of any limitations period. However, the Court finds Cunningham could have brought the present claims far earlier and in fact filed numerous § 1983 complaints many years ago, some of which are related to his present claims. Thus, the § 1983 statute of limitations is not subject to equitable tolling. In addition to the untimeliness of Cunningham's allegations, his claims lack legal and factual support.

To avoid dismissal, Cunningham's § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

ORDER OF DISMISSAL - 5

To sustain a § 1983 civil rights claim, Cunningham must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

In addition, a § 1983 action must be timely filed. The Court applies the applicable state statute of limitations for the jurisdiction in which the § 1983 claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2) applies to § 1983 claims. *Id*. In Oregon, a § 1983 action is governed by Oregon's two-year statute of limitations for personal injury actions. *See Bailey v. Hanson*, 2007 WL 2409421 (9th Cir. Aug. 22, 2007) citing O.R.S. § 12.110(1).

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time-period in which

the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

When a complaint is filed outside of the statute of limitations, the Court may consider whether there are grounds to equitably toll the applicable limitations period. The Court also applies Washington State law regarding equitable tolling for § 1983 actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wn.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wn. App. 657, 667 (2001) (internal quotations omitted).

The Oregon Tort Claims Act contains no equitable tolling provision, and Oregon Courts have not indicated there is a statutory or other authority allowing for equitable tolling. *See Alexander v. Dorn*, No. CV–11–102–ST, 2011 WL 4975258 at *3 (D. Or. July 18, 2011) ("Because [Plaintiff] 'cites no authority, and the court is aware of none, suggesting that federal courts in Oregon may apply equitable tolling to § 1983 cases,' this court declines to do so.") (citation omitted); *see also Boneau v. Centennial School Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012) (holding the tolling rule must be closely related to the borrowed statute of limitations and declining to apply § 12.117 (tolling in child abuse cases) as a tolling statute for the two-year limitations period in § 12.11 governing tortious conduct in Oregon.

**A.     Claims Related to $750,000,000.00 Judgment Against Columbia Tristar**

Cunningham alleges Oregon Defendant Reese violated his rights by not allowing Cunningham to collect a $750,000,000 judgment that Cunningham obtained against Columbia

ORDER OF DISMISSAL - 7

Tristar Pictures. In October 2017, Cunningham filed a complaint against Sony Picture, Columbia Tristar and NBC Universal alleging they violated his rights under § 1983 and defamed him by producing a docudrama about the murder of Cunningham's wife. *See Cunningham v. Sony Pictures Entertainment*, 2018 WL 1976449 (D. Or., April 26, 2018).

The District Court granted Defendants' motion to strike the complaint and dismissed the complaint with prejudice, denied motions for entry of default, and denied Cunningham's motions to show cause as "without merit." The Court of Appeals affirmed the dismissal, *Cunningham v. Columbia Pictures Industries, Inc.,* 765 Fed. Appx 395 (9th Cir. 2019) and the United States Supreme Court denied certiorari. *Cunningham v. Columbia Pictures Industries, Inc. et al.,* 140 S.Ct. 867 (2020); *See also Cunningham v. National Broadcasting Corp.* 1998 WL 196645 (9th Cir., April 23, 1998) (Affirming dismissal that Defendants National Broadcasting Corp, Sony Picture, Columbia Tristar Corp, Craig Anderson Productions, Simon & Schuster; Anne Rule; Ken Olin and April Arwood violated Cunningham's rights by portraying him in a false light regarding the murder of Cunningham's wife.); *Cunningham v. National Broadcasting Corp. et al.,* 122 S.Ct. 366 (2001) (certiorari denied).

Cunningham's claim he has a $750,000,000.00 judgment against Columbia Tristar Pictures is unfounded and thus his claim that Defendant Reese violated his rights by interfering with collection of the judgment fails. The claim is accordingly dismissed with prejudice.

**B.     Claims Regarding Condition of Pretrial Detention**

Cunningham claims the conditions of his pretrial confinement violated his rights and that this violation nullifies his Oregon conviction and sentence for murder. This is not the first time Cunningham has made this claim. On January 9, 2018, Cunningham filed a § 1983 complaint in the United State District Court for the District of Oregon. *See Cunningham v. Washington*

ORDER OF DISMISSAL - 8

*County, et al.,* 2018 WL 11225272 (D. Or. April 25, 2018). In the first amended complaint filed in the Oregon action, Cunningham alleged that a year after he was indicted for murder in 1993, he was removed by Washington County jailors from general population and placed in dark isolation for 240 days, causing him mental health problems that made him incompetent, and then he was forced to appear at his criminal trial in shackles. *Id* at *1. Cunningham contended "that these circumstances violated his right to a fair trial and led to his wrongful Murder conviction in 1995." *Id.*

The District Court noted Cunningham previously and unsuccessfully sought federal habeas corpus relief from his 1995 Washington County Murder conviction in *Cunningham v. Oregon*, Case No. 05-cv-01310-JE, and that the Ninth Circuit denied Cunningham's request for a certificate of appealability in its Order, "thus effectively ending Cunningham's ability to challenge his conviction." *Id.* at *2. Because Cunningham's murder conviction was not invalidated the District Court found Cunningham's § 1983 claims were barred under *Heck v. Humphrey,* 512 U.S. at 486-487 as they necessarily implied the invalidity of Cunningham's murder conviction and dismissed them with prejudice. The Court of Appeals affirmed the District Court's dismissal, *Cunningham v. Washington County*, 2019 WL 12536621 (9th Cir. May 28 2019) and the Supreme Court denied certiorari. *Cunningham v. Washington County*, 140 S. Ct. 816 (2020).

That Cunningham has previously filed a complaint alleging his pretrial conditions of confinement violated his rights establishes three things. First, the fact Cunningham filed a § 1983 complaint in January 2018 alleging his conditions of confinement denied him a fair trial contradicts Cunningham's contention that the conditions of his confinement made it impossible

ORDER OF DISMISSAL - 9

for him to function and timely bring his present § 1983 claims, that extraordinary circumstances stood in the way, and that the present complaint is thus timely on equitable grounds.

Further, contrary to Cunningham's claim it was impossible for him to function for 30 years and timely file the present complaint, he has in fact filed numerous actions even before 2018. *See e.g., Cunningham v. National Broadcasting Corp.* 1996 WL 498130 (D. Or. March 6, 1996) (Dismissal of Plaintiff's pro se lawsuit alleging he was portrayed in a false light in a docudrama); *Cunningham v. National Broadcasting Corp. et al.,* 1997 WL 804237 (9th Cir. 1997) (Affirming dismissal of Cunningham's RICO claims); *Cunningham v. Oregon Department of Corrections, et al.,* 1997 WL 804206 (9th Cir. 1997) (Affirming dismissal of complaint alleging prison the legal and other services in prison are inadequate); *Cunningham v. National Broadcasting Corp.* 1998 WL 196645 (9th Cir., April 23, 1998); *Cunningham v. Oregon Department of Corrections, et al.,* 1998 WL 847627 (9th Cir. Nov. 17, 1998) (Dismissal of § 1983 claims regarding prison transfer, denial of access to the media, limits on telephone contact, and opening of legal mail); *Cunningham v. Cook, et al.,* 1999 WL 450869 (9th Cir. May 10, 1999) (Affirming dismissal of § 1983 claim regarding conditions of confinement); *Cunningham v. Sony Pictures Entertainment*, 2018 WL 1976449 (D. Or., April 26, 2018).

Cunningham's long history of filing civil complaints starting in the 1990's contradicts his claim he should be excused from his failure to file the instant complaint in a timely fashion. Cunningham's complaint is untimely and is thus dismissed.

Second, Cunningham claims the alleged conditions of confinement render his criminal conviction null and void and additionally argues his pre-trial confinement stripped the Oregon trial court of the jurisdiction to preside over his criminal case. This allegation directly challenges the validity of Petitioner's Oregon murder conviction and sentence. As the District Court in

ORDER OF DISMISSAL - 10

1  Oregon ruled in 2018, because Cunningham's murder conviction was not, and still has not been
2  invalidated, Cunningham's § 1983 claim regarding pretrial detention conditions is barred under
3  *Heck v. Humphrey*.
4    And third, courts have uniformly agreed that, at a minimum, a malicious lawsuit is one
5  that is duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g.,*
6  *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) ("There is no abuse of
7  discretion where a district court dismisses under § 1915(d) a complaint "that merely repeats
8  pending or previously litigated claims."); *McWilliams v. Colorado*, 121 F.3d 573 (10th Cir.
9  1997) (affirming dismissal of § 1983 complaint as frivolous where it duplicated a prior federal
10 lawsuit); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (affirming dismissal of
11 duplicative complaint under pre–PLRA version of 28 U.S.C. § 1915(e)); *Murillo v. Taylor*, 2015
12 WL4488060, at *15–16 (S.D. Cal. July 22, 2015); *Meadows v. Woods*, 156 F.R.D. 165, 166
13 (W.D. Tenn 1994) (dismissing complaint as frivolous under pre-PLRA version of 28 U.S.C. §
14 1915(e)); *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007)
15 ("Plaintiffs generally have no right to maintain two separate actions involving the same subject
16 matter at the same time in the same court against the same defendant.").
17   Cunningham has already filed a § 1983 complaint regarding conditions of confinement
18 and that claim has been dismissed. The attempt to reraise the claim in the present complaint is
19 thus duplicative and should be dismissed.
20   The Court accordingly concludes there are multiple reasons to dismiss the claim and
21 dismisses it for the reasons set forth above.

C.     **Claim Regarding Deprivation of Property**

Cunningham's claim that Defendant Fortney's actions in Washington State deprived him of personal property is not cognizable under 42 U.S.C. § 1983 because Washington state tort law provides an adequate remedy. *Mattson v.* Healey, 1992 WL 92797 (9th Cir. April 30, 1992) citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984*); Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986) *and Davidson v. Cannon*, 474 U.S. 344 (1986). Similarly, the deprivation of property claim fails under Oregon law because the Oregon Tort Claims Act provided Cunningham with an adequate post-deprivation remedy. *See Cunningham v. Oregon Dept. of Corrections*, 1998 WL 814576 (9th Cir. 1998) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.1989)).

Moreover, Cunningham allegations relate to alleged actions that occurred in 1993. As noted above, Cunningham filed many lawsuits before 2018. There are no equitable grounds to toll the three-year § 1983 statute of limitations for a claim that Cunningham knew or should have known about decades ago.

For these reasons Cunningham's deprivation of property claim against Defendant Fortney is dismissed.

D.     **Claims about Police Harassment by Mill Creek Police**

Cunningham alleges that while he resided in Mill Creek, Washington, Mill Creek police officers harassed him and unlawfully entered his residence. These allegations involve alleged actions that occurred in 1993 before Cunningham was arrested and which Cunningham obviously knew about. As noted above, Cunningham has filed many lawsuits before 2018. There are no equitable grounds to toll the three-year § 1983 statute of limitations for a claim that

Cunningham clearly knew about or should have known about decades ago. The claim is accordingly dismissed with prejudice.

### E. Cunningham's Challenge to Legality of State Criminal Conviction

A state prisoner's challenge to the legality of his criminal custody is not cognizable under 42 U.S.C. § 1983. A prisoner's sole federal remedy is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent Cunningham's claims and requests for relief challenge the legality of his conviction and sentence the Court denies them as improperly brought in this action and dismisses them.

### F. Cunningham's Allegations that Oregon Prison Staff Wakes Him While He Sleeps

Cunningham also alleges that unnamed staff at the Oregon Prison in which he is incarcerated make noises that wake him while he sleeps. This claim involves allegations committed in another federal district and is not properly before this Court.

This action is dismissed with prejudice for the reasons above. The dismissal shall count as a strike under 28 U.S.C. § 1915(g). The clerk shall close this case and enter a judgment.

**IT IS SO ORDERED.**

DATED this 29th day of February, 2024.

BENJAMIN H. SETTLE
United States District Judge

ORDER OF DISMISSAL - 13