1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRADLY M. CUNNINGHAM,

                    Plaintiff,

        v.

ADAM FORTNEY, et al.,

                    Defendant.

CASE NO. C23-1949 BHS

ORDER

THIS MATTER is before the Court on pro se prisoner plaintiff Bradly Cunningham's motion for reconsideration, Dkt. 43, and his second, "proposed" motion for reconsideration, Dkt. 47. Cunningham asks the Court to vacate its Order, Dkt. 40, dismissing this case with prejudice and without leave to amend, because he failed to pay the filing fee and because he failed to state a plausible claim. Cunningham appealed the Court's judgment, Dkt. 41, before the Court ruled on his pending motions. Dkt. 50.

The Ninth Circuit has informed the Court that it is holding Cunningham's appeal in abeyance until this Court resolves his pending motions. Dkt. 54 (citing Fed. R. App. P. 4(a)(4)).

1    Under this District's local rules, a motion for reconsideration must be filed within

2    14 days of the order to which it relates. Local Rules, W.D. Wash., LCR 7(h)(2). Motions

3    for reconsideration are disfavored and will ordinarily be denied absent a showing of (a)

4    manifest error in the ruling, or (b) facts or legal authority which could not have been

5    brought to the Court's attention earlier with reasonable diligence. LCR 7(h)(1). The term

6    "manifest error" is "[a]n error that is plain and indisputable, and that amounts to a

7    complete disregard of the controlling law or the credible evidence in the record." *Black's*

8    *Law Dictionary* 622 (9th ed. 2009).

9    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests

10   of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*,

11   229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted,

12   absent highly unusual circumstances, unless the district court is presented with newly

13   discovered evidence, committed clear error, or if there is an intervening change in the

14   controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

15   873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis

16   for reconsideration, and reconsideration may not be based on evidence and legal

17   arguments that could have been presented at the time of the challenged decision. *Haw.*

18   *Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or

19   not to grant reconsideration is committed to the sound discretion of the court." *Navajo*

20   *Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041,

21   1046 (9th Cir. 2003).

22

1    Cunningham's first motion for reconsideration asserts that he in fact paid the filing

2    fee, as demonstrated by a mail receipt. Dkt. 43 at 1–2. Cunningham's submittal does not

3    establish that he paid the filing fee, and he did not. *See* Dkt. 37. The Court will not

4    reconsider its Order or its judgment based on this argument or this evidence.

5    Cunninghams' motion on this point is **DENIED**.

6    The remainder of Cunningham's first motion seeks an immediate award of billions

7    of dollars, and his immediate release from prison. He asserts the Court is "obligated to

8    immediately compensate him $100,000,000.00 in damages" for the abuse "defendant 3"

9    has inflicted upon him. He claims the Court has a "duty to order Defendant 3 to pay

10   damages in the sum of $2,071,785,000.00." He also seeks "reimbursement" of

11   $435,000,000.00 he lost when "Defendant 3 forced unemployment." Dkt. 43 at 2–4.

12   These claims are wholly without merit, and the Court will not reconsider its decision

13   dismissing them with prejudice. Cunninghams' motion for reconsideration on this point is

14   **DENIED**.

15   Cunningham's second motion for reconsideration was filed March 18, more than

16   14 days after the February 29 Order to which it relates.[1] It is untimely, and it is **DENIED**.

17    **IT IS SO ORDERED**.

18   //

19   //

20

21    [1] Cunningham's second motion also argues that he is entitled to proceed *in forma
*pauperis*, but the Court denied his application to so proceed on February 5—far more than 14
22   days before he filed his second motion for reconsideration.

Dated this 2nd day of May, 2024.

BENJAMIN H. SETTLE
United States District Judge